IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY, | No. C 10-5354 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CAROL YAGGY, PATRICK MAHONEY, | |
| Defendants. / | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. 1983 against a judge of the California Superior Court and an Assistant District Attorney. He claims that the judge violated his constitutional rights by imposing an excessive sentence after plaintiff was convicted by a jury. He claims that the prosecutor violated his constitutional rights by seeking such a sentence. In a separate order, plaintiff has been granted leave to proceed in forma pauperis.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff claims that defendant Carol Yaggy, a judge of the Superior Court of San Francisco County, imposed a sentence beyond that authorized by California's sentencing laws. According to plaintiff, the California Court of Appeal later reversed the sentence on appeal and instructed the superior court to modify the sentence. Plaintiff seeks money damages and a "new trial." A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiff's request for injunctive relief in the form of a "new trial" is barred

under *Younger v. Harris*, 401 U.S. 37, 46 (1971), because as a matter of comity federal courts should refrain from issuing injunctions that would require the federal court to supervise ongoing state judicial proceedings. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). Accordingly, plaintiff's claims against Yaggy must be dismissed.

Plaintiff alleges that defendant Patrick Mahoney, an Assistant District Attorney, violated his constitutional rights by seeking the sentence that Judge Yaggy imposed. Mahoney, as a state prosecuting attorney, enjoys absolute immunity from liability under 42 U.S.C. 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). As a result, plaintiff's claims against defendant Mahoney must also be dismissed.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 21, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\HANEY5354.DSM.wpd

3